UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEYDOU NOUROU LOH,

Petitioner,

v.

UNKNOWN PARTY,

Respondent.

Case No. 1:26-cv-3023

Honorable Robert J. Jonker

# OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## Discussion

### I. Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondent to release Petitioner. (Pet., ECF No. 1, PageID.7.)

In an order entered on October 26, 2026, the Court directed Respondent to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 3.) Respondent filed their response on October 28, 2026. (ECF No. 5.)

## II. Relevant Factual Background

Petitioner is a native and citizen of Mauritania. (2008 Notice to Appear (NTA), ECF No. 5-2, PageID.260.) Petitioner entered the United States in 2001 "as a nonimmigrant Visitor for Pleasure with authorization to remain in the United States for a temporary period not to exceed January 28, 2002." (*Id.*) In June 2008, ICE issued Petitioner a Form I-862, NTA, charging Petitioner with removability under the Immigration and Nationality Act (INA) "[s]ection 237(a)(1)(B) . . . [because he] ha[d] remained in the United States for a time longer than permitted." (*Id.*)

On July 6, 2015, Petitioner's application for asylum was denied by an Immigration Judge in Chicago, Illinois. (2025 Form I-213, ECF No. 5-1, PageID.256.) However, on April 13, 2017, the Board of Immigration Appeals remanded Petitioner's case back to the Immigration Judge (*Id.*) On April 27, 2021, Petitioner's immigration case was postponed, and no new court date has been set. (*Id.*)[1]

On September 22, 2025, ICE encountered and detained Petitioner in Cedar Rapids, Iowa. (*Id.*)

## III. Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-

[1] The materials submitted by the parties do not suggest that Petitioner is subject to a final order of removal or that Petitioner is subject to detention under 8 U.S.C. § 1226(c).

related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

**IV. Discussion**

Noncitizens "who are held in custody under 8 U.S.C. § 1226(a), while their petitions for review of their removal orders are pending, are entitled to a bond hearing before an immigration judge." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (citation omitted); *cf. Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026). If the noncitizen is "dissatisfied with the [immigration judge's] bond determination," the noncitizen ordinarily must "file an administrative appeal so that 'the necessity of detention can be reviewed by . . . the [Board of Immigration Appeals] [(]BIA[)].'" *Leonardo*, 646 F.3d at 1160 (citation omitted). There are exceptions to this general rule. For example, the United States Court of Appeals for the Sixth Circuit has noted that due process challenges that are not premised on "correctable procedural errors" generally do not require exhaustion because the BIA cannot review constitutional challenges. *See Sterkaj v. Gonzales*, 439 F.3d 273, 279 (6th Cir. 2006) (discussing that "an alien's due process challenge generally does not require exhaustion" because "the BIA lacks authority to review constitutional challenges," but noting that an "alien must raise correctable procedural errors to the BIA"). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo*, 646 F.3d at 1160.

In this case, Petitioner asks the Court to order his immediate release. (Pet., ECF No. 1, PageID.7.) Respondent, through counsel, acknowledges that § 1226 governs Petitioner's present detention because he overstayed his visa after being lawfully admitted to the United States, and they concede that he has the right to request a bond hearing in Immigration Court under § 1226(a). (Resp., ECF No. 5, PageID.251.) Respondent argues, *inter alia*, that the Court should dismiss

Petitioner's petition because Petitioner has not exhausted his administrative remedies. (*Id.*, PageID.252.)

There is no indication in the record presently before the Court that Petitioner has requested a bond hearing under § 1226(a) in Immigration Court. Therefore, Petitioner has not exhausted his administrative remedies by requesting a custody redetermination hearing in Immigration Court, and Petitioner has not demonstrated grounds for excusing the exhaustion requirement in this case. Accordingly, the Court will dismiss the petition for writ of habeas corpus without prejudice.[2]

## Conclusion

For the reasons discussed above, the Court will enter a judgment dismissing Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: November 5, 2026

/s/ Robert J. Jonker
Robert J. Jonker
United States District Judge

---

[2] If contrary to Respondent's concession in their brief, when Petitioner requests a bond hearing in Immigration Court, Respondent does not in fact provide Petitioner with a § 1226(a) bond hearing where the Immigration Judge concludes that he or she has jurisdiction to consider the bond request, then Petitioner would be free to file a new § 2241 petition requesting that this Court order Respondent to provide Petitioner with a § 1226(a) bond hearing.